IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KENDRICK TREMAINE JETER, ) <br> a/k/a TREMAINE KENDRICK JETER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPARTANBURG COUNTY JAIL ) <br> ADMINISTRATOR; DOCTOR UNDER ) <br> CONTRACT WITH SPARTANBURG ) <br> COUNTY JAIL; AND UNITED ) <br> STATES MARSHAL, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 4:05-2873-CMC-TER <br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

## I. PROCEDURAL BACKGROUND

The plaintiff, Kendrick Tremaine Jeter ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on October 28, 2005. Plaintiff alleges that his constitutional rights were violated by defendants via inadequate medical treatment while in the legal custody of the United States Marshals Service (hereinafter USMS) and housed at the Spartanburg County Detention Facility. On February 14, 2007, defendant USMS filed a motion to dismiss along with a memorandum and affidavits in support of that motion. (Doc. #35). Because the plaintiff is proceeding pro se, he was advised on or about February 14, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to defendant USMS's motion to dismiss could result in dismissal of his complaint. The

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

plaintiff has failed to file a response.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant USMS's motion to dismiss. The undersigned concludes the plaintiff has abandoned his lawsuit as to this defendant. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed as to defendant United States Marshal Service pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint as to defendant USMS should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed as to defendant United States Marshals Service for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 9, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**